UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KYLE DONOVAN KNIGHT,　　　　　　　　　　　　Case No. 2:21-cv-01540-MK

　　　　　Plaintiff,　　　　　　　　　　　　　　　　　　ORDER

　　v.

SNAKE RIVER CORRECTIONS;
OREGON DEPTARTMENT OF CORRECTIONS;
SUPERINTENDENT BRAD CAIN;
and DR. GARTH GULICK,

　　　　　Defendants.
_____

KASUBHAI, Magistrate Judge.

　　　　Plaintiff, an inmate at the Snake River Correctional Institution (SRCI), files suit under 42 U.S.C. 1983 and alleges violations of the Eighth Amendment arising from the denial of medical treatment. Plaintiff's Complaint fails to state a viable claim for relief, and he must amend his allegations for this case to proceed.

　　　　Federal law authorizes federal courts to review cases filed in forma pauperis to determine if a claim is "frivolous or malicious" or "fails to state a claim upon which relief may be granted."

- 1 -　　ORDER

28 U.S.C. § 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff alleges that SRCI medical staff have failed to provide adequate medical treatment for his worsening vision and a chronic hernia condition. Plaintiff names SRCI and the Oregon Department of Corrections (ODOC) as defendants. However, plaintiff can sue only "persons" under § 1983 for alleged constitutional violations, and SRCI and ODOC are not "persons" within the meaning § 1983. Instead, they are considered arms of the State of Oregon and are immune from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-100 (1984).

Plaintiff also names Brad Cain, the Superintendent of SRCI, as a defendant. Plaintiff is advised that liability under § 1983 arises upon a showing of personal participation by each defendant. A supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that Superintendent Cain was personally involved in decisions regarding plaintiff's medical care.

Finally, plaintiff names Dr. Garth Gulick as a defendant. Prison physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with

deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.* Plaintiff does not allege facts suggesting that Dr. Gulick had actual knowledge of an excessive risk to plaintiff's health and nonetheless disregarded that risk.

I cannot find that amendment would be futile, and plaintiff is allowed the opportunity to amend. Plaintiff is advised that an amended complaint must indicate: 1) the constitutional right plaintiff believes was violated; 2) the name of the person who violated the right; 3) exactly what the individual did or failed to do; 4) how the action or inaction of the individual violated plaintiff's constitutional rights; and 5) what specific injury plaintiff suffered because of the individual's conduct. Plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights.

## CONCLUSION

Plaintiff's Complaint fails to state a claim for relief under § 1983. Within thirty days from the date of this Order, plaintiff shall file an amended complaint curing the deficiencies noted above. Plaintiff is advised that the failure to comply with this Order will result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 17th day of December 2021.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge