UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KYLE DONOVAN KNIGHT, | Case No. 2:21-cv-01540-MK |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| SNAKE RIVER CORRECTIONS; OREGON DEPARTMENT OF CORRECTIONS; SUPERINTENDENT BRAD CAIN; and DR. GARTH GULICK, | |
| Defendants. | |

KASUBHAI, Magistrate Judge.

Plaintiff, a pro se litigant previously in the custody of the Oregon Department of Corrections (ODOC), filed suit under 42 U.S.C. § 1983 and alleged that defendants violated his rights under the Eighth Amendment by delaying and denying medical treatment. The parties consented to final disposition of this action by magistrate judge, and defendants now move for dismissal on grounds that plaintiff fails to state a viable claim for relief. *See* Fed. R. Civ. P. 12(b)(6). I agree and allow plaintiff one final opportunity to amend his allegations.

- 1 -    OPINION AND ORDER

DISCUSSION

On October 25, 2021, plaintiff's original Complaint was docketed in this action. Plaintiff brought Eighth Amendment claims against ODOC, Snake River Correctional Institution (SRCI), SRCI Superintendent Brad Cain, and Dr. Garth Gulick arising from the alleged lack of treatment for medical problems associated with his vision and a hernia. Plaintiff was advised that his Complaint failed to state a claim for damages under § 1983 and was given the opportunity to amend his Complaint.

On January 4, 2022, plaintiff filed an Amended Complaint against the same defendants, providing additional factual support for his claims and seeking only injunctive and declaratory relief.[1] Because plaintiff arguably stated an Eighth Amendment claim for injunctive relief, the Court issued a Notice of Lawsuit and Request for Waiver of Service. Defendants waived service and moved for dismissal of plaintiff's claims.

In response, plaintiff filed a Second Amended Complaint and again alleges that defendants violated his rights under the Eighth Amendment by delaying cataract surgery for two years and denying treatment for his hernia. Plaintiff no longer seeks injunctive relief and instead requests $850,000 in compensatory damages.[2] Defendants again move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), on grounds that plaintiff fails to state a viable Eighth Amendment claim.

---

[1] Plaintiff's Amended Complaint appeared to be identical to his "Replication" filed in a state habeas action seeking declaratory and injunctive relief. After the Court issued the Notice of Lawsuit and Request for Waiver of Service in this action, plaintiff filed a Notice of Demand and asserted a prayer for damages in the amount of $350,000.

[2] Even if plaintiff's Second Amended Complaint sought injunctive relief, plaintiff is no longer in ODOC custody and such claims would be moot. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012).

Under Rule12(b)(6), a complaint is construed in favor of the plaintiff, and its "well-pleaded allegations of material fact" are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In cases involving a pro se litigant, the Court must construe the pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, the Court need not accept as true "conclusory" allegations, "unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall*, 629 F.3d at 998. In order to state a claim, plaintiff's Second Amended Complaint must contain sufficient and specific factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated his constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556-57 (2007).

In his Second Amended Complaint, plaintiff again names SRCI and ODOC as defendants. Under § 1983, plaintiff can sue only "persons" for damages arising from alleged federal constitutional violations, and SRCI and ODOC are not "persons" for purposes of § 1983 liability. Instead, they are considered arms of the State of Oregon and are immune from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-100 (1984). Accordingly, plaintiff cannot state a claim under § 1983 against SRCI or ODOC.

Plaintiff also alleges claims against Brad Cain in his capacity as Superintendent of SRCI. As the Court advised previously, liability under § 1983 arises only upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff does not allege that Superintendent Cain was personally involved in any decision regarding plaintiff's medical care and cannot sustain a § 1983 claim against him.

Finally, plaintiff asserts a claim against Dr. Gulick arising from his alleged advice that plaintiff should undergo cataract surgery after being released from custody due to costs and COVID-19 restrictions and his failure to respond to plaintiff's complaints about diminishing vision. Sec. Am. Compl. at 2. These allegations fail to state a claim under the Eighth Amendment.

Prison physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Here, plaintiff does not allege any specific facts plausibly suggesting that Dr. Gulick had actual knowledge of an excessive risk to plaintiff's health and deliberately disregarded that risk. At most, plaintiff's allegations suggest negligence on the part of Dr. Gulick in failing to adequately respond to plaintiff's medical complaints. However, "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.*

Plaintiff is allowed one final opportunity to amend his claims. Plaintiff is again advised that a Third Amended Complaint must indicate: 1) the name of the person who violated his constitutional rights; 2) exactly what the individual did or failed to do; 3) how the action or inaction of the individual violated plaintiff's constitutional rights; and 4) what specific injury plaintiff suffered because of the individual's conduct.

Plaintiff also seeks the appointment of counsel. Generally, there is no constitutional right to counsel in a § 1983 case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Pursuant to 28 U.S.C. § 1915(e)(1), this Court has the discretion to request volunteer counsel for indigent plaintiffs in exceptional cases. *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). At this stage of the proceedings, plaintiff fails to show that this is an exceptional case warranting the appointment of volunteer counsel.

## CONCLUSION

Defendants' Motion to Dismiss plaintiff's Second Amended Complaint (ECF No. 30) is GRANTED and plaintiff's claims are DISMISSED. Defendants' initial Motion to Dismiss (ECF No. 18) is DENIED as moot and plaintiff's Motions for Appointment of Counsel (ECF No. 31, 33) are DENIED.

Within thirty days from the date of this Order, plaintiff shall file a Third Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to comply with this Order shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 20th day of October 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge